Barnard, P. J.
Applying the rule which governs the consideration of the facts upon appeal, this case shows a very strong case of deception and fraud. Harris and Still - well owned a stage route in Brooklyn, and Styles was their employee in its management. Styles applied to the plaintiff’s testator to purchase the property, and in the evening brought Harris, one of the partners. The two represented that the stage route was a good paying one; that the reason for their wish to sell was the sickness of one of the partners, Stillwell; that the horses numbered about forty, and the stages sixteen, and that the stock was all good. The purchasers went to the stable and the horses looked well, and he had seen them in the street, and they seemed to be in excellent condition. Before the purchase was concluded the other partner, Stillwell with "Harris and Styles had an interview with the deceased, and Stillwell appeared at the interview with a “ big coat ” on; he said he should have to go south. At this interview Stillwell made substantially the same assurances. The route “ paid nicely, clearing itself all the time.” The sale was completed and it appeared that the horses which appeared so well were borrowed from another *860 stable owned by Harris & Stillwell. That the horses belonging to the route in question were poor. Some were diseased and had to be killed to prevent contagion. The stock was old and dilapidated, and the route was a non-paying one. Stillwell did not go south. The case then shows false representations and false appearances calculated to deceive, "caused by the defendants. The vendors falsely represented the facts in respect to the route. They must have known that it was warranted by the true state of the case. The placing of good horses so as to cause the belief that they were included in the sale, was in its effect calculated to deceive, and was without doubt so intended. The reason given for the sale was probably not true, at least the jury could have so found.
There is nothing therefore in the case which calls for a reversal of the judgment.
Judgment affirmed with costs.
Pratt and Dykman, JJ., concur.